No. 28,285.

THE STATE OF KANSAS, ex rel. ARTHUR J. MELLOTT, County Attorney of Wyandotte County, *Plaintiff,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WYANDOTTE et al., *Defendants.*

(267 Pac. 1.)

Opinion filed May 5, 1928.

*Arthur J. Mellott,* county attorney, for the plaintiff.

*J. E. McFadden,* county counselor, and *E. P. Scrivner,* of Kansas City, for the defendants; *O. Q. Claflin, Jr.,* of Kansas City, of counsel.

The opinion of the court was delivered by

MARSHALL, J.: The state on the relation of the county attorney of Wyandotte county prosecutes this action against the board of

county commissioners of that county to test "the constitutionality of chapter 110 of the Laws of 1923 relating to the sale of the courthouse site in Wyandotte county, Kansas, and . . . the legality and sufficiency of the proceedings had in connection with the sale or attempted sale of the said site, and particularly the sufficiency of the publication in connection therewith."

The cause is submitted by a motion for judgment on the pleadings. They with the stipulations show the following facts: Wyandotte county owns certain described real property which was formerly occupied by the county for a courthouse. A new site has been acquired under the provisions of chapter 110 of the Laws of 1923, and a new courthouse has been erected thereon. On January 5, 1928, the board of county commissioners, acting under sections 3 and 4 of that law, sold the old courthouse site at public sale to W. J. Breidenthal, for $180,500, ten per cent of which has been deposited with the county clerk by certified check. Notice of the sale, fixing January 5, 1928, for the day of sale, was published for ten consecutive weeks immediately preceding the day of sale in the Kansas City *Weekly Press*, the official paper of Wyandotte county, a weekly paper published in that county. The first publication was on October 28, 1927, and the last was on December 30, 1927. Notice was also published for seven consecutive issues, the first of which was on December 19, 1927, in the *Kansas City Kansan*, the only daily paper published in Wyandotte county.

■ The plaintiff contends that chapter 110 of the Laws of 1923 is unconstitutional and void because it violates section 17 of article 2 of the constitution of this state, in this—

"That although in form the act is general, the said act at the time of its enactment and up to the present time is only applicable to a single county, viz., to Wyandotte county."

Chapter 110 of the Laws of 1923 is a sequel to chapter 155 of the Laws of 1921, under which Wyandotte county proceeded to build a courthouse in that county. That law authorizes "the board of county commissioners of any county having a population of one hundred and ten thousand or over . . . to erect, construct or reconstruct a courthouse." The validity of that law was assailed for the same reason that is now urged against the validity of chapter 110 of the Laws of 1923. In *Harling v. Wyandotte County*, 110

Kan. 542, 546, 204 Pac. 763, concerning the validity of chapter 155 of the Laws of 1921, this court said:

"There is no merit in the contention that the act violates section 17 of article 2 of the state constitution, which requires all laws of a general nature to have a uniform operation throughout the state. While the act can apply at this time to Wyandotte county alone, it is general in form, and, theoretically at least, applies to a class of counties; that is, it will apply in the future to all counties which attain the population prescribed in the act."

The law now questioned authorizes "the board of county commissioners of any county having, or which may hereafter have, one hundred twenty thousand inhabitants or more . . . to proceed to acquire a new courthouse site either by purchase or donation, but if unable to acquire suitable site by purchase or donation, may proceed to acquire the same by condemnation." This language is so nearly the same as that used in chapter 155 of the Laws of 1921 that what was said concerning that act applies to the one now under consideration and must be followed. Chapter 110 of the Laws of 1923 does not violate section 17 of article 2 of the constitution of the state of Kansas.

■ Was notice of the sale published as required by chapter 110 of the Laws of 1923? The first part of section 4 of the act concerns the publication of notice of the sale. That part reads:

"The sale of any property under the provisions of this act shall be a public vendue at the office of the board of county commissioners, public notice of such sale having been given for at least sixty days in the official county paper, and in each daily paper published in said county."

The notice of sale was published for sixty days in a weekly newspaper, the official paper of Wyandotte county, but not for sixty days in any daily paper published in that county. Was sixty days' publication in the daily paper necessary? The answer to that question depends on the interpretation of the language used in the statute. That language is not clear. It may mean sixty days' publication in each daily paper or it may mean one publication in each of such papers. General notice of the sale is the result to be attained. Sixty days' publication in the official paper accomplishes that result, but the statute requires more than that. The notice must be published in each daily paper published in the county. Continuous publication in daily papers for sixty days would not add much to public notice of the sale. One publication in each daily

paper would give to all interested in the county notice of the sale. More than that is not necessary, and more than that is not required by the statute. Publication in the official paper for sixty days is the important notice. Publication in the daily papers is added to give additional publicity to the matter. The court concludes that the notice was published as is required by statute.

Judgment is rendered for the defendants.